# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA
# Richmond Division

**JEREMY GERALD,** *et al.,*

    Plaintiffs,

v.                                      Civil Action No. **3:15CV283**

**JOSEPH A. HIGGS,** *et al.,*

    Defendants.

## MEMORANDUM OPINION

By Memorandum Opinion and Order entered on September 17, 2015, the Court dismissed Jeremy Gerald as a party to this action because he failed to keep the Court informed of his current address. (ECF Nos. 18, 19.) On November 16, 2017, the Court received from Gerald a motion seeking relief under Federal Rule of Civil Procedure 60. (ECF No. 30.) Gerald does not explicitly state under which section of Federal Rule of Civil Procedure 60 he brings his motion. However, because Gerald requests that the Court grant him relief from a final judgment rather than correct a clerical mistake, the Court construes Gerald to argue entitlement to relief pursuant to Federal Rule of Civil Procedure 60(b). ("Rule 60(b) Motion"). *See* Fed. Civ. P. 60(b).[1] In his Rule 60(b) Motion, Gerald requests that the Court vacate the Court's dismissal of the action. (*Id.* at 1.)

---

[1] Rule 60(b) provides, in relevant part:
(b) Grounds for Relief from a Final Judgment, Order, or Proceeding. On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
(1) mistake, inadvertence, surprise, or excusable neglect;
. . .
(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
(4) the judgment is void;
. . .
(6) any other reason that justifies relief.

A party seeking relief under Federal Rule of Civil Procedure 60(b) must make a threshold showing of "timeliness, a meritorious defense, a lack of unfair prejudice to the opposing party, and exceptional circumstances." *Dowell v. State Farm Fire & Cas. Auto. Ins. Co.*, 993 F.2d 46, 48 (4th Cir. 1993) (quoting *Werner v. Carbo*, 731 F.2d 204, 207 (4th Cir. 1984)). After a party satisfies this threshold showing, "he [or she] then must satisfy one of the six specific sections of Rule 60(b)." *Id.* (citing *Werner*, 731 F.2d at 207).

Under Federal Rule of Civil Procedure 60(c)(1), Gerald was required to file his Rule 60(b) Motion within a reasonable time after the entry of the September 17, 2015 Memorandum Opinion and Order. Fed. R. Civ. P. 60(c)(1) ( "A motion under Rule 60(b) must be made within a reasonable time—and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding.") Gerald's Rule 60(b) Motion, filed more than two (2) years after the entry of the challenged judgment, was not filed in a reasonable time. *See McLawhorn v. John W. Daniel & Co., Inc.*, 924 F.2d 535, 538 (4th Cir. 1991) ("We have held on several occasions that a Rule 60(b) motion is not timely brought when it is made three to four months after the original judgment and no valid reason is given for the delay." (citing *Cent. Operating Co. v. Utility Workers of Am.*, 491 F.2d 245 (4th Cir. 1974); *Consol. Masonry & Fireproofing, Inc. v. Wagman Constr. Corp.*, 383 F.2d 249 (4th Cir. 1967))).

Nevertheless, Gerald argues that various obstacles prevented him from prosecuting this action, and thus, the Court should re-open the judgment. (*See* Rule 60(b) Mot. 1–3.) Specifically, Gerald asserts that he never "received any notice, letter or order from this court giving indication that . . . any action was required by [him]." (*Id.* at 1.) Gerald further claims that,

> throughout his period of incarceration in Virginia [from] March 3, 2015–August 3, 2015 [he] experienced severe deprivation of access to the courts . . . . There

2

> was no way possible for [Gerald] to stay abreast of the prosecution of this action . . . due to the refusal of mail staff at Rappahannock Regional Jail refusing to deliver orders, notices or other communications regarding this case to [him].

(*Id.* at 2.) Gerald also states that he was later arrested in Ohio on November 22, 2015, "and during a period of several months, up until his most recent communication with this court (August 23, 2017) he experienced severe deprivation of access to the courts." (*Id.*) Gerald also claims that he was "unable to effectively pursue prosecution" of this action for the period between his release from Rappahannock Regional Jail on August 3, 2015 and his Ohio arrest on November 22, 2015 because he was homeless. (*Id.* at 2–3.)

The Court construes Gerald to argue that conduct by prison officials and his temporary homelessness constitute valid reasons for his failure to timely bring this Rule 60(b) Motion. Despite Gerald's assertion that Rappahannock Regional Jail officials failed to deliver Court orders to him from March 3, 2015 until his release in August 2015, the record reveals that Gerald received a June 4, 2015 Memorandum Order wherein the Court directed Gerald to complete an *in forma pauperis* affidavit and a consent to collection of fees form because Gerald returned the same to the Court on June 15, 2015. (ECF Nos. 13, 14.) Further, the June 4, 2015 Memorandum Order informed Gerald that he must "immediately advise the Court of [his] new address[] in the event that [he] is transferred, released, or otherwise relocated" or the action would be subject to dismissal. (ECF No. 6, at 2.) Therefore, Gerald had received an "indication that . . . action was required by" him. (Rule 60(b) Mot. 1.) Thus, the record belies Gerald's assertions that prison officials somehow prevented him from receiving the Court's orders and that he was unaware "that the action was in fact filed[,] . . . that any action was required" by him, or that he had an obligation to keep the Court informed of his current address. (Rule 60(b) Motion 1.)

3

Gerald's brief assertion of temporary homelessness fails to qualify as a valid reason for his lengthy delay. Gerald asserts that he was re-incarcerated in Ohio by November 22, 2015, yet he waited until August 2017 to contact the Alexandria Division of this Court to request a "Record Search Request." (ECF No. 28–1; *see* Rule 60(b) Mot. 2.)<sup>2</sup> Although Gerald claims in his Rule 60(b) Motion that while incarcerated in Ohio, he experienced "severe deprivation of access to the courts," he provides no additional details of any deprivations. (Rule 60(b) Mot. 2.) Gerald therefore fails to articulate a valid reason as to why his Rule 60(b) Motion should be deemed timely and made within a reasonable time when he waited more than two years after entry of the judgment to file it. *See S. Holdings, Inc. v. Horry Cty.*, No. 4:02–CV–1859–RBH, 2008 WL 11276558, at *2 (D.S.C. Aug. 13, 2008) (concluding plaintiffs' excuse for their untimely Rule 60(b) motion was not valid where they alleged fraud and concealment of evidence by the defendant but offered "insufficient evidence" of such fraud and concealment), *aff'd sub*

---

<sup>2</sup> On September 11, 2017, Gerald filed a "Motion for Copies of the Record" with the Richmond Division of this Court. (ECF No. 28.) The Court notes that in Gerald's Motion for Copies he asserted that,

> When the action was first constructed by [Gerald, his] residence was the Rappahannock Regional Jail. The staff at such facility never provided any mail from this court pertaining to any requirement, order or even notice. [Gerald] did not so much as receive notice of the case being filed by this court's clerk and a case number issued that they may be informed of what to put on any motions sent to this court.

(*Id.* at 1.) For the reasons stated above, the record belies Gerald's claims.

*nom. Lail v. Horry Cty.*, 363 F. App'x 223 (4th Cir. 2010). Accordingly, the Rule 60(b) Motion (ECF No. 30) will be DENIED.

And it is so ORDERED.

/s/
M. Hannah Lauck
United States District Judge

Date: MAR 14 2018
Richmond, Virginia